[Cite as *State v. Mason*, 2011-Ohio-3167.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.  10 CO 20 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| STEVEN MASON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
Court, Case No. 07 CR 323.


JUDGMENT:                               Affirmed.


APPEARANCES:
For Plaintiff-Appellee:                 Attorney Robert L. Herron
Prosecuting Attorney
Attorney Tammie M. Jones
Asst. Prosecuting Attorney
105 S. Market Street
Lisbon, OH  44432


For Defendant-Appellant:            Steven Mason, Pro-se
345 N. Liberty Avenue
Alliance, OH  44601


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


Dated:  June 16, 2011

DeGenaro, J.

{¶1} Pro-se Appellant, Steven A. Mason, appeals the decision of the Columbiana County Court of Common Pleas denying his motion "for the correct reflection of his jail-time credit pursuant to R.C. 2967.191 and Crim. R. 36." On appeal, Mason argues that the trial court violated his rights under the Equal Protection Clause when it failed to grant him jail-time credit for 109 days he spent in the Columbiana County Jail, prior to, and briefly after, sentencing in this case.

{¶2} Upon review, Mason's assignment of error is meritless. First, the Ohio Supreme Court has held that defendants can move to correct an entry of jail-time credit if the trial court made a mathematical error in its calculation, but must file an appeal if the error is legal. Because Mason did not file a direct appeal his argument that the trial court violated his rights under the Equal Protection Clause fails procedurally. Secondly, his argument fails on the merits. Mason's indictment in the instant case constituted a post-release control violation in Stark County, for which he was arrested and jailed there. Prior to being sentenced in this case, Mason ultimately spent 103 days in the Columbiana County jail. Although physically located in Columbiana County, he was actually being held for the Stark County post-release control violation, as he had posted bond in the Columbiana County drug trafficking case.

{¶3} The trial court did grant Mason credit for 76 days of the 103 days, but only because Stark County failed to give him credit for those days on the Stark County conviction. Further, the trial court credited Mason for subsequent time served while he awaited transportation to the appropriate state institution, which amount to six additional days. The trial court properly excluded the additional days Mason served in the Columbiana County Jail because Mason had already been sentenced in Stark County and was serving time on the Stark County conviction. Accordingly, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶4} On October 26, 2007 Mason was indicted in the Columbiana Court of

Common Pleas on one count of Trafficking in Drugs, a third degree felony pursuant to R.C. 2925.03(A)(1) and (C)(4)(c), and one count of Trafficking in Drugs, a fourth degree felony pursuant to R.C. 2925.03(A)(1) and (C)(4)(d). Mason was on post-release control in Stark County. After Columbiana County issued the indictment, Mason was arrested and held in Stark County for violating his post-release control.

{¶5}     Mason was arraigned in Columbiana County on the trafficking charges and entered a plea of not guilty on November 26, 2007. On January 23, 2008, Mason posted bond on the Columbiana County charges, however, he remained incarcerated for violating his post-release control on the Stark County conviction. On April 28, 2008 Mason entered a guilty plea to both counts, and the Columbiana County trial court sentenced him to concurrent fifteen months and three year sentences, to be served concurrently with his Stark County conviction. While the Columbiana County trial court did not grant Mason any pre-sentence jail-time credit, it did grant him credit for any future custody days while he awaited transportation to the appropriate state institution. Mason did not file a direct appeal from his Columbiana County sentence. Mason subsequently filed several motions regarding his jail-time credit.

{¶6}     As a result of his trafficking activities, Mason was arrested and held in the Stark County Jail from October 30, 2007 until November 9, 2007, when he was transferred to the Columbiana County Jail where he remained until January 23, 2008. Mason was transferred back to the Stark County Jail on January 23, 2008 where he was held until February 7, 2008. On that date the Stark County Court of Common Pleas, sentenced Mason to a term of imprisonment for violating his post-release control. Thereafter, Mason was transferred to the Lorain Correctional Institution to serve his Stark County sentence. Subsequently, Mason was transferred to the Columbiana County Jail on March 5, 2008 where he stayed until March 17, 2008. Although there is nothing explicit in the record to this effect, Mason was presumably transferred back to the Lorain Correctional Institution on March 17, 2008 where he remained until April 14, 2008. On April 14, 2008 Mason was transferred back to the Columbiana County Jail where he remained until May 5, 2008. Thus, Mason spent 109 days in the Columbiana County Jail

from November 9, 2007 until May 5, 2008.

{¶7} On February 6, 2009, Mason filed a motion seeking jail-time credit for the 109 days he was incarcerated at the Columbiana County Jail. There is no evidence in the record indicating the motion was opposed by the State or ruled on by the court. Mason then filed a second motion seeking the same jail-time credit on March 6, 2009, which the State opposed on March 13, 2009. The trial court denied the motion on April 21, 2009. The court concluded that "any credit due the Defendant is due him not from Columbiana County, but from Stark County".

{¶8} Mason filed a third motion for jail-time credit, captioned "defendant's motion to correct an improper sentence" on July 27, 2009. Mason attached additional information to his motion, including a judgment entry from Stark County indicating he had not received jail-time credit on that sentence for his incarceration in the Columbiana County Jail from November 09, 2007 to January 23, 2008. The State responded to the motion on July 31, 2009 and did not oppose giving credit to Mason for 76 days, accounting for the time in Columbiana County Jail, but opposed giving any additional credit. On August 14, 2009, the trial court adopted the State's position and held that Mason was entitled to jail-time credit totaling 76 days.

{¶9} Subsequently, on May 7, 2010, Mason filed a fourth motion for 109 days of jail-time credit, captioned "defendant's motion for the correct reflection of his jail-time credit pursuant to R.C. 2967.191 and Crim. R. 36." On May 13, 2010 the State responded, noting that Mason had already received 76 days, and opposed the court granting any additional days. The trial court adopted the State's position and denied the motion on May 24, 2010.

### Jail-time Credit

{¶10} In his sole assignment of error, Mason asserts:

{¶11} "The trial court erred to the prejudice of the Appellant when it denied Appellant's motion for the correct reflection of his jail-time credit violating Appellant's Fourteenth Amendment Equal Protection rights under the United States Constitution."

{¶12} Mason asserts that the trial court incorrectly calculated his jail-time credit at

the time of sentencing and that the trial court failed to correct the mistake, which violates R.C. 2967.191 and his Equal Protection rights under the 14th Amendment. The State argues that the trial court already credited Mason with 76 days of jail-time credit and that Mason is not entitled to any additional days.

{¶13} Under R.C. 2967.191, the department of rehabilitation and correction credits jail-time served but the trial court calculates the number of days that can constitute jail-time credit. *State v. Frazier,* 8th Dist. App. No. 86984, 2006-Ohio-3023 at ¶9; Ohio Adm. Code 5120-04(B). While a defendant may challenge mathematical errors in calculating jail-time credit by filing a motion for correction with the trial court, and then by appealing the resulting judgment, the proper vehicle for challenging legal errors in the imposition of jail-time credit is via a direct appeal from the sentencing entry. *State v. Parsons*, 10th Dist No. 03AP-1176, 2005-Ohio-457, at ¶7-8. Because Mason is raising a legal argument that he should have raised on direct appeal, he has waived this argument. Id. at ¶8. Nonetheless, Mason is not entitled to any additional jail-time credit.

{¶14} The practice of crediting jail-time is rooted in the Equal Protection Clause of the U.S. Constitution. "The Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status." *State v. Fugate* (2008), 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, at ¶7. Thus, defendants unable to make bail while awaiting trial must be credited for the time they are confined. Id. R.C. 2967.191 codifies this concept and governs a defendant's entitlement to jail-time credit in Ohio, and provides in pertinent part:

{¶15} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced."

{¶16} While the concept of crediting jail-time under R.C. 2967.191 seems straight-forward, it can quickly become complicated when a defendant is charged with multiple crimes, where multiple jurisdictions are involved, or where a defendant has violated his

post-release control. See *State v. Chafin*, 10th Dist. No. 06AP-1108, 2007-Ohio-1840 at ¶9. When a defendant is sentenced to concurrent prison terms on multiple charges, the court must apply jail-time credit under R.C. 2967.191 toward each concurrent prison term. *Fugate* at ¶22. But "a defendant is only entitled to jail-time credit for confinement that is related to the offense for which he is being sentenced." *State v. Dailey*, 3d Dist. No. 8-10-01, 2010-Ohio-4816, at ¶25; 28. Moreover, "a defendant is not entitled to jail-time credit for time incarcerated in another county for unrelated offenses." *State v. Daughenbaugh*, 3d Dist. No. 16-09-05, 2009-Ohio-3823 at ¶18. Thus, the trial court must carefully examine the record to determine how many days, if any, should be counted as jail-time credit.

**{¶17}** In *Daughenbaugh*, the defendant appealed the Wyandot County Court of Common Pleas ruling which revoked his judicial release and imposed sentencing but failed to grant him jail-time credit for time served in a prior revocation of judicial release and reincarceration in two other counties on unrelated offenses. Third District Court of Appeals upheld the lower court's ruling and found that:

**{¶18}** "unlike the defendant in *Fugate,* Daughenbaugh was serving prison time on sentences from multiple jurisdictions, and he was reincarcerated only on the Hancock and Seneca County offenses, not Wyandot County. Therefore, we find *Fugate* to be inapposite and to not entitle Daughenbaugh to jail-time credit in Wyandot County for his reincarceration." Id. at ¶24.

**{¶19}** Similarly, Mason posted bond on the Columbiana County charges and was only incarcerated because he violated his Stark County post-release control. If Mason had remained in the Stark County Jail and/or Lorain Correctional Institution the outcome would be identical to *Daughenbaugh* and Mason would not be entitled to any of the jail-time credit he sought. However, Mason was incarcerated in the Columbiana County Jail from November 9, 2007 to January 23, 2008, and Stark County determined that Mason was not entitled to jail-time credit for these days.

**{¶20}** The trial court properly granted Mason 76 days of jail-time credit once Mason presented evidence that Stark County did not credit the time he was in the

Columbiana County Jail when it made its jail-time credit calculation. Indeed, if Stark County had credited Mason for the dates he was in the Columbiana County Jail the Columbiana County trial court would not have needed to credit him those days. It was only because Stark County considered him "borrowed," and considered him, for all intents and purposes, as being held on the Columbiana County charges that he is entitled to the 76 days of jail-time credit. Because the 76 days had not been credited against either conviction, R.C. 2967.191 required that the Columbiana County trial court credit him 76 days.

**{¶21}** But Mason argues he is entitled to more than 76 days of jail time credit. Mason served 33 days in the Columbiana County jail from March 05, 2008 to March 17, 2008 and April 14, 2008 to May 5, 2008. In the State's July 31, 2009 motion it notes that Mason has been credited in the trial court's April 28, 2008 sentencing entry for the days served from April 28, 2008 to May 5, 2008, the time from his sentencing on the Columbiana County charges to his transfer to the Lorain Correctional Institution. This leaves 27 days of jail-time credit in dispute.

**{¶22}** The 27 days were served in the Columbiana County jail after Mason was sentenced in Stark County. Once Mason was sentenced in the Stark County probation violation case on February 7, 2008, he was no longer being held on another charge but was serving time on an unrelated sentence. That Mason was physically in the Columbiana County jail in March and April of 2008 does not alter the fact he was not being held on the Columbiana County charges. Rather, he was serving his Stark County post-release control violation sentence. Mason is not entitled to jail-time credit for days he served on an unrelated case. See R.C. 2967.191. Absent evidence that Stark County did not include these days as time served or other evidence indicating that Mason was being held at the time on the Columbiana County charges, Mason has failed to meet his evidentiary burden. The trial court properly excluded the 27 days of jail-time credit from its calculation. Thus, Mason is not entitled to any additional days of jail-time credit.

**{¶23}** In sum, Mason's arguments regarding jail-time credit fail procedurally and on the merits as Mason has already received the proper amount of jail-time credit. The

trial court properly gave Mason 76 days of credit, accounting for the pre-sentence time Mason spent in the Columbiana County Jail but was not credited in the Stark County post-release control violation conviction, and excluding the additional days when Mason was serving time on the Stark County conviction. Accordingly, Mason's sole assignment of error is meritless and the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Donofrio, J., concurs.