[Cite as *State v. McKinney*, 2013-Ohio-4357.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 163 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JERMAINE McKINNEY | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the Court of
                                 Common Pleas of Mahoning County,
                                 Ohio
                                 Case No. 06 CR 16

JUDGMENT:                        Affirmed.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Paul J. Gains
                                 Mahoning County Prosecutor
                                 Atty. Ralph M. Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503

For Defendant-Appellant:         Jermaine McKinney, Pro se
                                 #A520-677
                                 Mansfield Correctional Institution
                                 P.O. Box 788
                                 Mansfield, Ohio  44901

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                 Dated:  September 30, 2013

WAITE, J.

{¶1} Pro se Appellant Jermaine McKinney appeals the judgment of the Mahoning County Court of Common Pleas partially sustaining his motion for jail-time credit after he pleaded guilty and was sentenced on seven counts of felonious assault against a peace officer. The court granted Appellant 263 days of credit, but Appellant believes it should have been 1,200 days because he was in jail from the date of his arrest on January 1, 2006, until the date he entered his guilty plea and was sentenced on April 16, 2009. In support, Appellant cites *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, which stands for the proposition that: "When a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at syllabus. Appellant contends he was given a concurrent sentence in this case and in a separate murder case in Trumbull County, and that he should be given 1,200 days credit in both cases for all the time he was incarcerated in both cases

{¶2} Appellee contends that the issue raised in this appeal is a purely legal question and not a matter of simply correcting a mathematical error in applying jail-time credit, and as such, the matter should have been raised in a direct appeal and is now *res judicata*. Appellee asserts that Appellant was also being held in Trumbull County on separate murder charges while this case was being prosecuted. He was arrested on January 1, 2006, for the Trumbull County murders, and was convicted and sentenced to two terms of life imprisonment without parole on December 11, 2006. Appellee contends that Appellant was not entitled to credit in the instant case

for the time he spent in jail or prison for the unrelated Trumbull County case. Appellee is correct. The argument raised by Appellant is a purely legal argument, and in fact, Appellant misinterprets the legal issues resolved in the *Fugate* case. *Fugate* does not explain how to calculate jail-time credit. It explains how jail-time credit is applied when concurrent sentences are imposed. Appellant is trying to challenge the court's method of calculating jail-time credit, but he cites no relevant legal support as to why the court's calculation was erroneous. Appellee correctly cites to Ohio law that a defendant is not entitled to jail-time credit for incarceration arising from a different criminal offense. Further, since Appellant could have raised this legal argument in a direct appeal and did not, the matter is *res judicata*. The judgment of the trial court is affirmed.

## Background

{¶3} On January 1, 2006, Appellant was arrested for shooting at peace officers while he was at large for the murders of Rebecca Cliburn and Wanda Rollyson. Fourteen charges of felonious assault were filed against him in Youngstown Municipal Court. On January 10, 2006, he was bound over to the Mahoning County Grand Jury under Mahoning County Case No. 2006CR16. Just prior to this, on January 6, 2006, a nine-count indictment was issued against him in Trumbull County Case No. 05-CR-948. He was charged with aggravated murder and numerous other charges. He was tried and convicted by jury in Trumbull County on November 6, 2006. He was sentenced on December 11, 2006, to two terms of life imprisonment without parole for the two murders, ten years in prison for aggravated burglary, ten years for aggravated robbery, ten years for kidnapping, and eight years

for aggravated arson, all to be served consecutively. He was later sent to the Mansfield Correctional Institution to serve out his prison term.

{¶4} On July 25, 2007, the Mahoning County Clerk of Courts received a notice of untried indictments from the Mansfield Correctional Institution pertaining to Mahoning County Criminal Case No. 2006CR16. The clerk notified the Mahoning County Prosecutor. On August 30, 2007, Appellant was indicted in Mahoning County on fourteen counts of felonious assault against a peace officer, along with corresponding firearm specifications. On April 16, 2009, Appellant entered a plea of guilty to seven counts of felonious assault against a peace officer, R.C. 2903.11(A)(2) and (D)(1)(a), and the remaining charges and the firearm specifications were dismissed. On April 16, 2009, Appellant was sentenced to seven years in prison on the felonious assault charges, to be served concurrently with the sentence in Trumbull County Case No. 05-CR-948. He was awarded 180 days of jail-time credit.

{¶5} On October 27, 2010, Appellant filed a motion for jail-time credit. His theory that he was due to receive more jail-time credit was based on *State v. Fugate*. The state opposed the motion. The court overruled the motion on January 23, 2012. An order overruling a motion for jail-time credit is generally not a final appealable order. *State v. Carter*, 7th Dist. No. 09 MA 10, 2009-Ohio-6251, ¶9.

{¶6} Appellant filed a second motion for jail-time credit on June 22, 2012, once again referencing *Fugate*. The court partially granted the motion on August 13, 2012. The court awarded Appellant 263 days of jail-time credit. This appeal followed. Since the court actually granted the second motion for jail-time credit, this order was final and appealable.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT GIVEN [SIC] THE APPELLANT CREDIT FOR ALL TIME WHICH HE SPENT IN CONFINEMENT AWAITING A FINAL DISPOSITION OF HIS CASE IN **State v. Jermaine McKinney**, Mahoning County Court of Common Pleas Case No. 06-CR-16 WHICH TIME BEGAN ON JANUARY 1, 2006 AND ENDED ON APRIL 16, 2009 AND WHICH EQUALS TWELVE-HUNDRED (1200) DAYS AS MANDATED BY R.C. 2967.191 IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION

**{¶7}** Appellant argues that his sentence in this matter was ordered to be served concurrently with the sentence in Trumbull County Case No. 05-CR-948. Appellant contends that, under *State v. Fugate*, a defendant is entitled to have jail-time credit applied to all related concurrent sentences. *Fugate* held that: "When a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at syllabus. Appellant interprets *Fugate* to mean that all the time he spent in jail or prison, from the time he was arrested on January 1, 2006, until the day he was sentenced on April 16, 2009, should be applied to his sentence in this case.

Appellant believes this amounts to 1,200 days. The trial court awarded him 263 days. Thus, Appellant concludes that he is owed the remaining 937 days.

**{¶8}** Appellee argues that the issue under review in this appeal is *res judicata* because it could have been raised in the direct appeal of his conviction and sentence. The doctrine of *res judicata* establishes that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis deleted.) *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. We have held that "the proper vehicle for challenging legal errors in the imposition of jail-time credit is via a direct appeal from the sentencing entry." *State v. Mason*, 7th Dist. No. 10 CO 20, 2011-Ohio-3167, ¶13. Appellant's theory in this appeal is that, pursuant to *State v. Fugate*, if it were correctly applied, he should have been awarded 1,200 days of jail-time credit. Since this is a purely legal argument, Appellant should have raised it on direct appeal. This issue is now *res judicata* and cannot be raised in a subsequent appeal.

**{¶9}** Even if the matter was not *res judicata*, Appellant's argument is not persuasive. The issue under review in *Fugate* was whether jail-time credit that was awarded in a probation revocation case should also be calculated towards defendant's sentence in the corresponding criminal case that prompted the probation revocation in the first place. In *Fugate*, the defendant was on community control after being convicted of receiving stolen property. He was later charged with theft and

burglary. Probation revocation charges were filed in the earlier case because Fugate committed a crime while serving community control sanctions. He was later convicted of the theft and burglary charges, and he was sentenced in both cases at the same time. He was sentenced to 12 months in prison for the community control violation, with 213 days jail-time credit given. He was sentenced to two years in prison on the theft and burglary charges, and no jail-time credit was given. The sentences were ordered to be served concurrently. *Fugate* at ¶3.

**{¶10}** The issue in *Fugate* was whether the 213 days of jail-time credit should also have been applied in his second case because his prison terms were ordered to be served concurrently. *Fugate* was primarily attempting to interpret and correctly apply R.C. 2967.191, which states that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *." *Id.* at ¶12, 22. In *Fugate*, the defendant was being held in jail simultaneously awaiting sentencing for both probation revocation and theft and burglary. Thus, there was no question that he was confined in lieu of bail awaiting trial on both cases simultaneously.

**{¶11}** The *Fugate* Court ruled for the defendant that, pursuant to R.C. 2967.191, the 213 days should have been applied to both cases. *Fugate* held that: "When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence.

However, when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held. To deny such credit would constitute a violation of the Equal Protection Clause. Therefore we hold that when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at ¶22.

{¶12} A number of courts, including this Court, have concluded that *Fugate* does not explain how to calculate jail-time credit. Instead, it serves only to explain how to apply such credit to concurrent or consecutive sentences once it is calculated. *State v. Maynard*, 10th Dist. No. 08AP-43, 2008-Ohio-3829, ¶18; *State v. Mason*, 7th Dist. No. 10 CO 20, 2011-Ohio-3167, ¶16; *State v. Dailey*, 3d Dist. No. 8-10-01, 2010-Ohio-4816, ¶28. *Fugate* did not negate the basic principle that "a defendant is not entitled to jail-time credit for time incarcerated in another county for unrelated offenses." *State v. Daughenbaugh*, 3d Dist. No. 16-09-05, 2009-Ohio-3823, ¶19. Further, it is apparent that once Appellant was convicted and sentenced in the Trumbull County murder case on December 11, 2006, he was no longer being confined in lieu of bail in the instant case. He was confined in prison due to his murder conviction. Thus, Appellant was not entitled to anything even remotely approaching 1,200 days of jail-time credit in this case. At most, he may be entitled to time from the day of arrest (January 1, 2006) until the date he began serving his prison term for murder (December 11, 2006). Appellant presents no reason to

question the trial court's calculation of 263 days of jail-time credit, and we will presume that the calculation was correct.

**{¶13}** Whether under the principle of *res judicata*, or because Appellant misinterprets the *Fugate* case on which he relies in support of this appeal, Appellant's assignment of error must be overruled. Appellant should have raised the legal argument regarding his jail-time credit in a direct appeal after he was sentenced in 2009, but he did not. Thus, the matter is *res judicata*. Additionally, *Fugate* does not explain how to calculate jail-time credit and is inapplicable to Appellant's situation. *Fugate* explains only the application of jail-time credit once it is calculated, and it is clear that Appellant does not correctly interpret how to calculate jail-time credit. There is no reversible error in this case, and the judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs in judgment only.