[Cite as *State v. Bowers*, 2013-Ohio-5523.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    13 MA 82 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| JOHN BOWERS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 10CR1355.


JUDGMENT:                        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul Gains
                                 Prosecuting Attorney
                                 Attorney Ralph Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503


For Defendant-Appellant:         John Bowers, *Pro se*
                                 #621-934
                                 Belmont Correctional Institution
                                 P.O. Box 540
                                 St. Clairsville, Ohio  43950


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


                                 Dated:  December 12, 2013

VUKOVICH, J.

**{¶1}** Defendant-appellant John Bowers appeals the decision of the Mahoning County Common Pleas Court denying his *pro se* motion for jail-time credit. The issues raised in this appeal are whether the trial court correctly computed jail-time credit and whether it correctly applied the holding of the Ohio Supreme Court in *State v. Fugate*, 117 Ohio St.3d 261, 883 N.E.2d 440, 2008-Ohio-856. For the reasons expressed below, jail-time credit was not miscalculated and Bowers' *Fugate* argument is barred by res judicata. Therefore, the judgment of the trial court is hereby affirmed.

## Statement of the Case

**{¶2}** On December 9, 2010, Bowers was indicted for two counts of trafficking crack cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(e) and (A)(1)(C)(4)(d), first and second-degree felonies respectively. Bowers originally pled not guilty, however, on January 5, 2012, Bowers changed his plea and pled guilty to the indicted offenses. 01/09/12 J.E; 01/20/12 Amended J.E. The trial court proceeded immediately to sentencing. Bowers received 2 years for each offense and the trial court ordered the sentences to run concurrently. 01/09/12 J.E.; 01/20/12 J.E. The trial court then gave Bowers 11 days of credit for time served, plus any additional time awaiting conveyance. 01/20/12 Amended J.E. Bowers did not file an appeal from his sentence or conviction.

**{¶3}** On February 6, 2013, Bowers filed a *pro se* motion for jail-time credit. He argued that the trial court incorrectly computed his jail time credit and that it did not apply the jail-time credit to both charges. 02/06/13 Motion. The state answered and asserted that the trial court properly stated the credited amount of time. 03/05/13 Motion.

**{¶4}** After reviewing the motions, the trial court denied the request and stated that Bowers was entitled to 11 days credit. 04/25/13 J.E.

**{¶5}** Bowers appeals that decision.

## Assignment of Error

{¶6} "The trial court abused its discretion and erred in not granting all the jail-time credit the Appellant is entitled to and failing to apply *Fugate* to credit each of Appellant's concurrent sentences."

{¶7} Bowers' argument can be divided into two parts. First, he contends that the trial court did not compute the amount of jail time correctly. As aforementioned, the trial court credited him for 11 days. Bowers contends that he spent 26 days in jail during the pendency of the case and he should have been credited for that entire time. His second argument concerns the Ohio Supreme Court's decision in *Fugate*. He contends that since his sentences were ordered to be served concurrently he was entitled to credit for 26 days on each sentence for a total credit number of 52 days.

{¶8} In response to these arguments, the state asserts two positions. First, it claims that the matter is barred by res judicata because Bowers could have filed a direct appeal from the sentence but he did not. Second, the state asserts that even if the merits are reached, Bowers' argument is meritless. It claims that *Fugate* applies only to multiple cases, not to multiple offenses. Thus, in this situation where there is only one case with multiple offenses, it does not apply.

{¶9} In reviewing his arguments, we must first determine whether res judicata has any application in this case. We have previously explained that while a defendant may challenge mathematical errors in calculating jail-time credit by filing a motion for correction with the trial court, and then by appealing the resulting judgment, the proper vehicle for challenging legal errors in the imposition of jail-time credit is via a direct appeal from the sentencing entry. *State v. Mason,* 7th Dist No. 10CO20, 2011–Ohio–3167, ¶ 13. Therefore, if legal errors are not raised via a direct appeal from the sentencing entry, they are barred by res judicata. *Id.*; *State v. McKinney*, 7th Dist. No. 12MA163, 2013-Ohio-4357, ¶ 8. The doctrine of res judicata establishes that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis deleted.)

*State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

**{¶10}** With that law in mind, we will now look at each of his arguments in turn.

### 1. Computation of Jail-Time Credit

**{¶11}** Bowers first argument concerns an alleged mathematical error; he is arguing that the trial court incorrectly computed jail time credit. Thus, res judicata does not bar this claim.

**{¶12}** The trial court's amended sentencing judgment entry states, "Credit for eleven (11) days for time already served shall be applied plus any additional time awaiting conveyance." 01/20/12 J.E. As aforementioned, Bowers claims that he was in jail on these charges for a total of 26 days. Specifically, he contends that he was in jail from January 15, 2011 to January 26, 2011 and from January 5, 2012 to January 18, 2012. Given the date of the indictment and the bond entries in the case, the 11 days from January 15, 2011 to January 26, 2011 is when Bowers was being held in jail awaiting release on bond. The trial court correctly credited him for these 11 days. Sentencing occurred on January 5, 2012. That date to January 18, 2012 is the additional time he was awaiting conveyance to prison. The trial court's judgment clearly indicates that the Ohio Adult Parole Authority is to give Bowers credit for the time he served while awaiting conveyance. The Ohio Department of Rehabilitation and Corrections' website indicates that he was admitted into Belmont Correctional Institute on January 18, 2012. Furthermore, it indicates that his release date is December 13, 2013. Therefore, it is clear that the Ohio Adult Parole Authority followed the trial court's order and did give Bowers credit for the time he served while awaiting conveyance to prison. Consequently, there is no error in the computation of credit for time served. Bowers' argument to the contrary lacks merit.

### 2. Application of *Fugate*

**{¶13}** This leads us to Bowers' second argument that the trial court misapplied the *Fugate* holding. We have previously held that the argument that the court misapplied the *Fugate* holding is a purely legal argument and should have been raised in a direct appeal. *McKinney*, 2013-Ohio-4357, ¶ 8 (however, we still

continued to determine if *Fugate* was misapplied). Accordingly, the argument is barred by res judicata. *Id.*

**{¶14}** Even if the matter was not barred by res judicata, given the facts of this case, it must be concluded that the trial court did not misapply *Fugate*. In *Fugate*, the offender was found guilty of theft and burglary in Case No. 05CR4367. In Case No. 05CR1414 he was on community control for a previous conviction of receiving stolen property. Following the indictment in 05CR4367, the probation department moved to revoke his community control. A hearing on that motion was held immediately before sentencing Fugate on the new charges. The probation officer informed the court that Fugate had over 200 days of jail-time credit. The prosecutor argued that the jail-time credit should only be applied to the sentence for violating the community control. The court imposed a prison term of 12 months for the community-control violation, noting a jail-time credit of 213 days. The court also stated that the sentence was to run concurrently with the sentences to be imposed for the burglary and theft convictions in the new case. The court then imposed a two-year prison term for the burglary conviction and a six month term for the theft offense. Those terms were ordered to be concurrent with each other and concurrent with the sentence for the community control violation. However, no jail-time credit was allowed for the burglary and theft convictions. *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 3-6.

**{¶15}** Fugate appealed and argued that he should have received jail-time credit of 213 days toward each of his concurrent prison terms. The Ohio Supreme Court agreed and stated in the syllabus, "When a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at syllabus.

**{¶16}** In reaching that determination, the Court noted that jail-time credit is governed by R.C. 2967.191 and the Ohio Administrative Code. It explained that Ohio Adm.Code 5120–2–04(F) applies to concurrent sentences, while Ohio Administrative Code 5120-2-04(G) applies to consecutive sentences. Provision (F) specifically provides that "[i]f an offender is serving two or more sentences, stated prison terms or combinations thereof concurrently, the adult parole authority shall independently

reduce each sentence or stated prison term for the number of days confined for that offense." Conversely, provision (G) provides that for consecutive terms, jail-time credit is to be applied only once. After noting these provisions, the Court then explained:

> Thus, * * * when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

*Fugate* at ¶ 11-12.

**{¶17}** Given the holding in *Fugate*, Bowers is correct that he is entitled to 11 days credit on each charge. That said, there is no indication that he was not given credit for 11 days on each charge. The trial court's judgment entry did not state that he was only entitled to 11 days on one of the charges. Although *Fugate* dealt with multiple offenses in one case, the focus was on the multiple cases and those sentences running concurrent. When there are multiple cases where the sentences are run concurrent, it is necessary to state in each case that the credit is given in each case. However, where there is only one case with multiple offenses, when the trial court states that the sentences are to run concurrent and generally states that an offender is entitled to so many days of jail-time credit, that statement applies to all charges unless otherwise specified. Furthermore, given that his release date is December 13, 2013 and the fact that he was sentenced on January 5, 2012, it is clear that 11 days plus the number of days awaiting conveyance was applied to both

sentences. Or in other words, there is no evidence here that jail-time credit was not given on both charges.

**{¶18}** Therefore, even if Bowers' *Fugate* argument was not barred by res judicata, we could not find that there was a misapplication of the *Fugate* holding.

## Conclusion

**{¶19}** For the foregoing reasons, the judgment of the trial court denying the motion for jail-time credit is hereby affirmed.


Donofrio, J., concurs.
DeGenaro, P.J., concurs.