# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

QUAYSHAUN WILLIE TUBBS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 24 MA 0013, 24 MA 0018**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 23 CR 383

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*,* and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Aaron M. Meikle*, for Defendant-Appellant.

Dated: October 17, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Quayshaun Willie Tubbs, appeals from a Mahoning County Court of Common Pleas judgment denying his "Request for a Nunc Pro Tunc Order." In this filing, Appellant requested that the trial court grant him jail-time credit on his state sentence for time that he spent in confinement or custody on federal charges. He asserts that the trial court failed to award the appropriate amount of jail-time credit for his federal sentence on his state sentence. For the following reasons, we affirm the trial court's judgment.

{¶2} On August 6, 2021, the victim, Appellant's girlfriend, met with police and reported that Appellant committed domestic violence against her on May 1, 2021. She also reported a second domestic incident that occurred on July 5, 2021.

{¶3} On August 11, 2021, an arrest warrant issued for Appellant based on first-degree misdemeanor domestic violence in violation of R.C. 2919.25(B). The warrant issued from Mahoning County Court #2, Boardman, Ohio and according to Appellant was served on August 12, 2021. It listed the date of offense as May 1, 2021.

{¶4} Upon execution of an accompanying search warrant, officers discovered two firearms in Appellant's residence. On August 17, 2021, Appellant was charged in federal court with being a felon in possession of a weapon in violation of 18 U.S.C. 922(G)(L) and 924(A)(2). *See U.S. v. Tubbs*, 4:21-CR-625 (N.D. Ohio). He was sentenced by the federal court on March 15, 2022 to 38 months in prison.

{¶5} On May 12, 2022, the Mahoning County Court #2 granted the prosecution's motion to dismiss the first-degree misdemeanor domestic violence charge.

{¶6} On May 25, 2023, Appellant was indicted in common pleas court for attempted murder in violation of R.C. 2923.02 and 2903.02(A), 2903.02(D), and 2929.02(B), a first-degree felony. A repeat violent offender specification and notice of prior conviction were included based on a prior aggravated robbery conviction. The indictment also charged Appellant with felonious assault in violation of R.C. 2903.11(D)(1)(a), a second-degree felony. A repeat violent offender specification and notice of prior conviction specification accompanied this count. The third count of the indictment charged Appellant with domestic violence in violation of R.C. 2919.25(A) and

R.C. 2919.25(D)(2), a first-degree misdemeanor. These charges all stemmed from the July 5, 2021 incident reported by the victim.

{¶7} On October 16, 2023, Appellant pled guilty to felonious assault and domestic violence with no specifications. The parties agreed that the 4-6 years on Appellant's state sentence would run concurrent to his federal sentence. The court accepted the plea agreement and proceeded to sentencing. The court sentenced Appellant to an indefinite prison term of 4-6 years for felonious assault and a concurrent six-month prison term for domestic violence. The court ordered these sentences to run concurrently with the 38-month prison sentence imposed by the federal court. The court also agreed with the parties' recommendation that Appellant receive 79 days of jail-time credit.

{¶8} On November 8, 2023, Appellant filed a pro se "Motion for Sentence to Impose Concurrently" in the trial court. He asserted that the parties agreed that the court would sentence him to an indefinite term of 4-6 years in prison and order that sentence to be served concurrently to his 38-month federal prison sentence. He cited R.C. 2924.41(A) and *State v. Barnhouse*, 2004-Ohio-2492, in support.

{¶9} On November 8, 2023, the trial court overruled Appellant's motion as moot. The court stated that its sentencing entry corresponded to the parties' agreement that the 4 to 6-year prison sentence be served concurrently with the 38-month prison sentence from federal court.

{¶10} Appellant did not file an appeal.

{¶11} On January 8, 2024, Appellant filed a "Request for a Nunc Pro Tunc Order" in the trial court. He asserted that the 79 days of jail-time credit did not reflect the agreement between the parties. He requested that the court replace the 79 days with 860 days of credit because his prison sentence began from the date of his federal arrest, which was on August 12, 2021.

{¶12} On January 8, 2024, the trial court denied Appellant's motion. The court reviewed the timeline of Appellant's state case, including transportation time, time in custody, and time spent waiting on rulings on motions resulting from his federal and state proceedings. The court also cited R.C. 2929.19(B)(2)(g)(i), which provides that a court

may grant a defendant jail-time credit for time spent in confinement for the offense for any reason arising out of the offense for which he was convicted and sentenced.

{¶13} The court found that Appellant remained in jail and in custody from his arrival at the Mahoning County Justice Center on July 24, 2023, to the date that he was sentenced on October 11, 2023. The court ruled that Appellant was entitled to additional jail-time credit for time spent incarcerated from October 11, 2023 to the present date for a subsequent Mahoning County Common Pleas Court case.

## PRO SE APPELLATE BRIEF WHEN REPRESENTED BY COUNSEL

{¶14} It is noted that Appellant filed two nearly identical appeals of his state convictions. We consolidated those appeals. Appellant then filed a pro se appellate brief on March 18, 2024. We issued an order noting that Appellant appeared to challenge not only the trial court's January 8, 2024 entry denying his request for additional jail-time credit, but he also attached the court's October 16, 2023 sentencing entry. We also noted that Appellant's brief discussed a double jeopardy argument which concerned both entries.

{¶15} We therefore concluded that while Appellant's notice of appeal was untimely as to the October 16, 2023 judgment entry of sentence, the docket reflected no service for that entry. We accepted the appeal of the October 16, 2023 entry as a delayed appeal. Moreover, due to the unique circumstances of the case, we assigned counsel to Appellant and ordered a new briefing schedule. We also granted Appellant's counsel time to file an amended appellant's brief if he deemed it appropriate after consulting with Appellant.

{¶16} Before us now, we have two Appellant briefs: Appellant's pro se brief, and an appellate brief filed by assigned counsel for Appellant. Appellee has filed responses to both.

{¶17} This Court could decline to address Appellant's assignments of error presented in his pro se brief. As held by the Fourth District Court of Appeals in *State v. Phillips*, 2022-Ohio-478, fn. 2 (4th Dist.), this Court has the discretion to choose whether to address a pro se appellant brief when that appellant was simultaneously represented by counsel who filed a brief. However, that discretion also allows us to address Appellant's pro se assignments of error. The Fourth District opted to give "some

consideration" to the issues raised by the pro se appellant in its case. *Id.* We choose to do so as well.

**{¶18}** On January 25, 2024, Appellant filed a notice of appeal and he argues the following two assignments of error:

> **DEFENDANT WAS SUBJECTED TO DOUBLE JEOPARDY IN VIOLATION OF US CONST. 5, AND 14 AND THE OHIO CONSTITUTION OF THE STATE OF OHIO.**

> **DEFENDANT WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW WITHIN THE 14TH AMENDMENT OF THE US CONST. AND O[HIO] CONST. SEC. 10 BECAUSE THE COURT FAILED TO GRANT THE REQUESTED NUNC PRO TUNC REQUEST.**

**{¶19}** Appellant argues that he was subjected to double jeopardy and his counsel was ineffective for failing to investigate the double jeopardy claim before advising him to plead guilty. He contends that the trial court based its sentence on the same facts already decided by the federal court in imposing his federal sentence. Appellant requests that we order his state sentence to run concurrent to his federal sentence from the date of the offense in the federal case because it was based on the same facts found by the federal court.

**{¶20}** Appellant pled guilty to the state charges on October 11, 2023, and the parties agreed to the 4 to 6-year prison term. Thus, Appellant waived the issues of double jeopardy and ineffective assistance of counsel. Appellant made no assertions concerning double jeopardy or ineffectiveness of counsel in his nunc pro tunc filing. Rather, he asserted a right to additional jail-time credit for the entire time that he was in federal custody and prison. Accordingly, we apply waiver and decline to address this issue.

**{¶21}** However, even if we chose to address this assignment of error, it lacks merit. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, and the Ohio Constitution, Art. I, § 10, protect a defendant against "(1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" *State v. Ruff,* 2015-Ohio-995 ¶ 10, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717

Case Nos. 24 MA 0013, 24 MA 0018

(1969), overruled on other grounds; *Alabama v. Smith*, 490 U.S. 794 (1989). R.C. 2941.25 codifies the double jeopardy protections under Ohio law. *State v. McCarty*, 2015-Ohio-4695, ¶ 13 (8th Dist.).

**{¶22}** Appellant was convicted of being a felon in possession in federal court. He was then convicted of felonious assault and domestic violence in state court. The offenses are different, the jurisdictions are different, and Appellant was not subjected to multiple punishments for the same offense or prosecuted a second time for the same offense after conviction. The felonious assault and domestic violence charges stemmed from an incident occurring on July 5, 2021, and the felon in possession charge emanated from the discovery of firearms in Appellant's home on August 12, 2021 in execution of a warrant concerning the May 1, 2021 incident reported by the victim.

**{¶23}** In addition, the doctrine of dual sovereignty bars Appellant's double jeopardy claim. The Ohio Supreme Court holds that:

> "Every citizen of the United States is also a citizen of a State or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offence or transgression of the laws of both."

> "That either or both may (if they see fit) punish such an offender, cannot be doubted. Yet it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable."

*State v. Fletcher*, 26 Ohio St.2d 221, 223–24 (1971), quoting *Moore v. People of State of Illinois*, 55 U.S. 13, 20, 14 (1852).

**{¶24}** We upheld the dual sovereignty doctrine in *State v. Fleischer,* 2023-Ohio-3597 (7th Dist.). Fleischer argued that the dual sovereignty doctrine applied to bar state charges against him for rape and gross sexual imposition after he had already pled guilty in federal court to sexual exploitation of children and receipt and distribution of visual depictions of minors engaged in sexually explicit conduct. He argued that the conduct upon which the state charges were based was the same conduct used in the federal court case for which he pled guilty. He also asserted that we should overrule the dual

Case Nos. 24 MA 0013, 24 MA 0018

sovereignty doctrine and find a double jeopardy violation when he was prosecuted in state court for conduct that formed the basis of his guilty plea in federal court. *Id.* at ¶ 14.

**{¶25}** This Court differentiated the crimes brought in federal court against the defendant with those in state court, even though they involved the same conduct. *Id.* at ¶ 20. We held that the dual sovereignty doctrine continued to be good law in Ohio and applied it to bar the defendant's claim. *Id.* at ¶ 21.

**{¶26}** In the instant case, even presuming that Appellant's conduct which formed the basis of all charges was the same, the dual sovereignty doctrine allows both federal and state prosecutions.

**{¶27}** Accordingly, we find no merit to this part of Appellant's first assignment of error.

**{¶28}** Appellant's additional assertions in this assignment of error appear to concern equal protection and ineffective assistance of counsel. The assertions are confusing. He asserts that he was denied due process and equal protection because the court denied his nunc pro tunc request. However, he provides no argument on the claims.

**{¶29}** Appellant quotes law concerning a court's requirements when conducting a plea colloquy under Crim. R. 11. However, he fails to assert how this relates to counsel's ineffectiveness, how this law applies to ineffectiveness of counsel, or how ineffectiveness related to his plea.

**{¶30}** Further, res judicata bars Appellant's claims regarding due process, equal protection, ineffective assistance of counsel, double jeopardy, or errors with the plea because he never filed a direct appeal as to these claims. *State v. Griffin*, 2024-Ohio-412 (7th Dist.) (res judicata applies to claims that Appellant could have raised on appeal but did not). While Appellant may raise jail-time credit issues even without the filing of a direct appeal, res judicata bars his other claims to the extent they are unrelated to jail-time credit. (*See State v. Price*, 2020-Ohio-6702, ¶ 22 (4th Dist.)("[i]f a jail-time credit argument is not raised on direct appeal, it can still be raised later by way of a motion to correct jail-time credit.").

**{¶31}** For these reasons, we find that Appellant's second assignment of error lacks merit.

{¶32} Accordingly, both of Appellant's pro se assignments of error lack merit and are overruled.

{¶33} On June 17, 2024, Appellant's counsel filed an appellate brief on Appellant's behalf and asserts the following sole assignment of error:

**THE TRIAL COURT FAILED TO AWARD THE APPROPRIATE AMOUNT OF JAIL-TIME CREDIT AT SENTENCING. R.C. 2929.19,** *STATE V. CUPP***, 2018-OHIO-5211,** *STATE V. FUGATE,* **2008-OHIO-856.**

{¶34} Within this assignment of error, Appellant's counsel asserts that: (1) Appellant is entitled to a minimum jail-time credit of 353 days; (2) he is actually entitled to a total jail-time credit of 790 days, and (3) Appellant's constitutional right to equal protection was violated. Appellant quotes R.C. 2929.19, which requires the court to determine the number of days that a defendant has been confined "for any reason arising out of the offense for which the offender is being sentenced." Appellant contends that the trial court incorrectly attributed only 79 days of jail-time credit eligibility when it used the dates from July 24, 2023 through October 11, 2023 as the only dates he was confined. Appellant contends that the arrest warrant was issued on August 11, 2021, he was arrested on August 12, 2021, and he was booked into the Mahoning County Jail on that date. He asserts that he should have been granted at least 353 days of jail-time credit because he was confined for 274 days from August 12, 2021 to May 12, 2022, and 79 days from July 24, 2023 through October 11, 2023.

{¶35} Appellant further asserts that the court should have granted him a total of 790 days of jail-time credit. He reasons that he was arrested on August 12, 2021 and booked into the jail, he was indicted federally on the gun charges, and he received a 38-month federal sentence. He was then indicted May 25, 2023 on the state charges, which stemmed from the original investigation of allegations stemming from an incident in May 2021. He contends that after he was charged and sentenced federally, the Mahoning County Prosecutor's Office dismissed the initial case which led to the warrants and thereafter presented charges to the grand jury after he served a significant portion of his federal sentence. He posits that rather than the May 2021 incident, the new charges were based on the alleged July 5, 2021 incident with the same victim. He accuses the

prosecution of subverting justice by waiting nearly two years to indict him even though the federal case and the first state case were investigated at the same time.

{¶36} Appellant further alleges that the prosecution subverted justice by negotiating his state plea deal in bad faith. He contends that by agreeing to a concurrent sentence, "any criminal defendant is going to assume that time served in the federal case is going to count towards the state case. Especially when the federal charges were brought about through an investigation at the state level." He notes that the court agreed with the prosecution to grant only 79 days of jail-time credit. Appellant asserts that if the federal charges had not been brought, he would have been entitled to jail-time credit from August 12, 2021 until he was sentenced. He concludes that because he was charged under two indictments in two different jurisdictions, he was not afforded all of his jail-time credit.

{¶37} Finally, Appellant asserts that his rights to equal protection and rights announced in *State v. Fugate*, 2008-Ohio-856, were violated because he was not given jail-time credit for each concurrent prison term since his federal case was not run concurrently from the date of his arrest. He applies *State v. Cupp*, 2018-Ohio-5211, where the Ohio Supreme Court held that a defendant is not due jail-time credit on bond if he is simultaneously serving a sentence on an unrelated case. Appellant contends that he should receive jail-time credit on his state case because the federal case that he was serving during that time was related to the state case. He concludes that because he was sentenced on the federal case and the state case on different dates even though the charges were related to one investigation, he should have been granted jail-time credit on the same day as the beginning of the federal case, which was August 12, 2021, the date of his arrest.

{¶38} We find no merit to Appellant's assertion. The United States Supreme Court has held that defendants who cannot afford bail must be credited for the time that they are confined while awaiting trial. *Griffin v. Illinois*, 351 U.S. 12 (1956). Jail-time credit is rooted in both the Equal Protection Clause of the Ohio and United States Constitutions and defendants unable to afford bond who are confined while awaiting trial must be credited with time spent in confinement.

**{¶39}** R.C. 2967.191(A) states that: "[t]he department of rehabilitation and correction shall reduce the prison term of a prisoner . . . by the total number of days that the person was confined for any reason arising out of the offense which the prisoner was convicted and sentenced." However, it is the trial court that calculates the number of days served. *State v. Mason*, 2011-Ohio-3167, ¶ 16 (7th Dist.), citing *State v. Chafin*, 2007-Ohio-1840, ¶ 9 (10th Dist.).

**{¶40}** A defendant may still file a motion to correct jail-time credit even if he fails to file a direct appeal of his conviction. *State v. Miller*, 2024-Ohio-913 (4th Dist.). We have held that "[w]hile a defendant may challenge mathematical errors in calculating jail-time credit by filing a motion for correction with the trial court, and then by appealing the resulting judgment, the proper vehicle for challenging legal errors in the imposition of jail-time credit is via a direct appeal from the sentencing entry." *Mason*, 2011-Ohio-3167 (7th Dist.), citing *State v. Parsons*, 2005-Ohio-457, ¶ 7-8 (10th Dist.).

**{¶41}** An appellate court reviews a trial court's ruling on a motion to correct jail-time credit under an abuse of discretion standard. *Id.*, quoting *State v. Crisp*, 2022-Ohio-1221, ¶ 13 (4th Dist.) (quoting *State v. Price*, 2020-Ohio-6702, ¶ 22 (4th Dist.)) Abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

**{¶42}** Ohio courts have held that a defendant is entitled to jail-time credit only for confinement related to the specific case in which that sentence was imposed. *State ex rel. Carter v. Wilkinson*, 2004-Ohio-3386, ¶ 8 (10th Dist.). As found by the court in *Carter*, "[c]learly R.C. 2967.1791 pertains only to credit for time spent in jail awaiting disposition of the particular case out of which the inmate's sentence arises, and does not pertain to time spent serving a sentence pursuant to a case from another jurisdiction, including the federal courts." *Id.*

**{¶43}** In *Carter*, the defendant was indicted in Cuyahoga County Common Pleas Court on five felonies. These counts stemmed from the same conduct for which the federal court had convicted the defendant and imposed a 12-month prison sentence. *Id.* at ¶ 2. He filed an action in mandamus, asserting that the state court was required to grant jail-time credit toward his state sentence under R.C. 2967.191 for the time he spent in federal prison. Holding that Ohio courts have applied R.C. 2967.191 only for

confinement related to the specific cases in which that sentence was imposed, the court held that Carter was not entitled to credit toward his state sentence for the time he spent in federal prison on charges stemming from the same acts. *Id.* at ¶ 8-9.

**{¶44}** In *State v. Harmon,* 2022-Ohio-3617, ¶ 22 (7th Dist.), we held that:

> A defendant is not entitled to jail-time credit for any period of incarceration arising from a separate matter. R.C. 2967.191; *State v. Mason*, 7th Dist. Columbiana No. 10 CO 20, 2011-Ohio-3167, ¶ 16. A defendant will not receive jail-time credit for time served on an unrelated offense regardless of whether the time served occurred during the pre-detention phase of the other case. *State v. Childs*, 7th Dist. Columbiana No. 16 CO 0016, 2018-Ohio-2762, ¶ 31, citing *State v. Cook*, 7th Dist. Mahoning No. 00CA184, 2002-Ohio-7170; *State v. Daughenbaugh*, 3d Dist. Wyandot No. 16-09-05, 2009-Ohio-3823.

**{¶45}** Applying this law, we find that the trial court correctly determined that Appellant was entitled to 79 days of jail-time credit. Notably, in the trial court's sentencing entry and its judgment entry denying Appellant's nunc pro tunc request, the court noted that both the State of Ohio and defense counsel agreed to the 79-day jail-time credit. (*See* 10/16/23 Sentencing Entry; 1/8/24 J.E.). In any event, Appellant's arrest resulted from the May 1, 2023 event, as indicated in the indictment. The arrest warrant and search warrant emanated from the May 1, 2021 incident only as the arrest warrant listed on the charge of first-degree misdemeanor domestic violence. From that arrest and search warrant regarding the May 1, 2021 incident, the federal charges emanated as two firearms were discovered in Appellant's house and he was a felon in possession. Thus, any time spent in custody from the August 2021 arrest and search warrant, through his federal sentence, are not attributable to jail-time credit toward the separate offenses for which he was charged in the July 5, 2021 incident. The first-degree misdemeanor offense and the felon in possession federal offenses are all separate offenses and the former stemmed from the May 1, 2021 incident, while the recent plea and sentencing stemmed from different charges, which occurred on July 5, 2021.

**{¶46}** As to the instant charges, the indictment against Appellant issued on May 25, 2023 outlined the offenses relating to his July 5, 2021 conduct. He was removed from federal custody on July 24, 2023 and was arraigned on July 28, 2023. He entered his guilty plea and was sentenced on October 11, 2023. Seventy-nine days elapsed between July 24, 2023 and October 11, 2023.

**{¶47}** Any time spent in custody prior to July 24, 2023 resulted from either the May 1, 2021 offense or the federal offenses which resulted from executing the search and arrest warrants from the May 1, 2021 conduct. Accordingly, Appellant is not entitled to any jail-time credit beyond the 79 days and the trial court did not abuse its discretion by crediting Appellant with 79 days of jail-time credit.

**{¶48}** In addition, as explained above, no double jeopardy concerns are implicated. The offenses for which Appellant was sentenced in the instant case are separate and unrelated offenses to those emanating from the May 1, 2021 conduct and the federal offenses that resulted from execution of the search warrant. Different times, different offenses, and different conduct raise no concerns regarding double jeopardy.

**{¶49}** Accordingly, Appellant's sole assignment of error asserted by his counsel lacks merit and is overruled.

Robb, P.J., concurs.

Dickey, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**