JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Eldridge Paige (appellant) appeals the court's calculation of the jail time he served in relation to a parole violation, alleging that it be credited to a 12-month prison sentence he received for unrelated offenses. After reviewing the facts of the case and pertinent law, we dismiss this appeal as moot.
 I {¶ 2} Appellant was held in jail in lieu of bail regarding Cuyahoga County Common Pleas Case No. CR-469531, from June 30, 2005 until November 22, 2005, when he entered into a plea agreement with the state and was sentenced to community control sanctions. While in jail, on July 28, 2005, appellant was sentenced to prison for violating post-release control sanctions previously imposed regarding Cuyahoga County Common Pleas Case No. CR-352298. Upon being released from jail on November 22, 2005 in Case No. CR-469531, appellant was transferred to prison to serve his sentence for Case No. CR-352298. Appellant was released from prison on March 27, 2006.
 {¶ 3} At the time of his release, appellant was under community control sanctions for Case No. CR-469531. He violated these sanctions in July 2006, and was sentenced to 12 months in prison, with credit for the time he spent in jail awaiting trial in Case No. CR-469531, from June to November 2005, totaling 161 days. After serving the remainder of his 12-month sentence, appellant was released from prison on February 13, 2007. *Page 4 
 II {¶ 4} In his sole assignment of error, appellant argues that "the trial court erred by improperly calculating jail time credit to the appellant's detriment." Specifically, appellant argues that the 117 days he spent in prison, from November 2005 to March 2006 for post-release control violations in Case No. CR-352298, should have been credited toward his prison sentence in Case No. CR-469531. Appellant's argument fails for two reasons.
 {¶ 5} First, appellant "is not entitled to credit for time served on unrelated charges dealing with post-release control violations."Paige v. Wolfe, Noble App. No. 337, 2007-Ohio-1117[1]; State v.Frazier, Cuyahoga App. No. 86984, 2006-Ohio-3023; R.C. 2967.191 (stating that a prison term may be reduced for time served "for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *").
 {¶ 6} Second, Ohio courts have consistently held that appealing a sentence already served is a moot issue.
 "If an individual has already served his sentence, there is no collateral disability of loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction. Therefore, appellant's assertion that the trial *Page 5 
court erred in determining the length of that sentence is a moot issue because appellant has already served his sentence, and no relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue."
State v. Beamon, Lake App. No. 2000-L-160, 2001-Ohio-8712. See, also,State v. Barcomb, Cuyahoga App. No. 80196, 2002-Ohio-4435; State v.Neville, Belmont App. No. 03 BE 68, 2004-Ohio-6840 (holding that the trial court erred regarding credit for time served; however, "[unfortunately, since Neville's sentence has already been served in its entirety, this ruling has no affect on him").
 {¶ 7} Accordingly, because appellant was released from prison on February 13, 2007, his assignment of error is moot, and this appeal is dismissed.
Appeal dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., and MARY J. BOYLE, J., CONCUR
[1] Appellant filed a petition for writ of habeas corpus in the Seventh District Court of Appeals of Ohio against the prison's warden, alleging almost identical miscalculation of jail-time credit issues as in the instant case. However, the appeal was dismissed as being "fatally defective" for failing to attach commitment papers as required by R.C.2725.04(D). *Page 1