[Cite as *State v. Nieves*, 2022-Ohio-379.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110589 |
| v. | : | |
| JEREMIAH NIEVES, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 10, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-648928-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, Connor Davin, Assistant Prosecuting Attorney,
*for appellee.*

David N. Patterson, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Jeremiah Nieves ("Nieves"), raising a single

assignment of error, appeals from the trial court's termination of his community-

control sanctions and order that he serve 120 days in the Cuyahoga County Jail. Following a review of the record, we dismiss the appeal as moot.

**FACTUAL AND PROCEDURAL HISTORY**

{¶ 2} On March 6, 2020, a Cuyahoga County Grand Jury indicted Nieves on three counts: having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3); improperly handling firearms in a motor vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B); and carrying a concealed weapon, a felony of the fourth degree, in violation of R.C. 2923.12(A)(2). Each count carried a forfeiture of a weapon while under disability specification in violation of R.C. 2941.1417(A).

{¶ 3} On October 20, 2020, Nieves retracted his former pleas of not guilty and pleaded guilty to attempted improperly handling firearms in a motor vehicle, a felony of the fifth degree, with a forfeiture specification. All other charges were nolled. Contingent on the plea agreement, Nieves forfeited the specified firearm to the state. The trial court sentenced Nieves to one year of community-control sanctions and informed Nieves that a violation of the terms and conditions of the community-control sanctions may result in more restrictive sanctions or a prison term of 12 months, as approved by law. As part of his community-control sanctions, the trial court required Nieves to abide by the rules and regulations of the probation department.

{¶ 4} Nieves first tested positive for marijuana in October 2020. Following that positive test, the probation officer instructed Nieves on probation requirements

relating to drug testing. Nieves informed the probation department that he possessed a medical marijuana card. The probation officer educated Nieves that the use of marijuana pursuant to a medical marijuana card did not excuse or validate a positive marijuana test for an individual subject to community-control sanctions.

{¶ 5} On March 11, 2021, the probation department forwarded a status report to the trial court with a request that the trial court grant Nieves permission to use medical marijuana while on community-control sanctions. The trial court denied the request and instructed the probation department to schedule a marijuana test for Nieves within 30 days. The probation department informed Nieves that the trial court denied him permission to use medical marijuana.

{¶ 6} On April 23, 2021, the probation officer instructed Nieves to submit to an additional drug test on April 29, 2021. Because Nieves tested positive for Covid-19, the probation department rescheduled his April 2021 drug test to May 19, 2021.

{¶ 7} On May 18, 2021, prior to submitting to the May 2021 drug test, Nieves filed a motion to modify his terms of probation requesting permission to consume medical marijuana "as prescribed by his physicians." Nieves argued that it was difficult for him to manage his pain from an ongoing back injury because the terms of his community-control sanctions did not permit the use of marijuana despite his possession of a medical marijuana card. On May 19, 2021, the trial court denied Nieves's motion to modify the terms of his probation:

> Defendant's motion to modify terms of probation is denied. Probation terms are clearly delineated to all defendants on probation that use of alcohol and iiliegal [sic] drugs are forbidden for use. The court also notes that the Defendant's brief contains an inaccurate statement that he was "prescribed" marijuana by a physician. Under Ohio law physicians do not prescribe marijuana, rather they "recommend" it. Defendant will be remanded if he tests positive for marijuana or alcohol. Defendant will be violated [sic] up to 18 months of incarceration for violation of probation terms.

Nieves tested positive for marijuana on May 19, 2021.

{¶ 8} The trial court scheduled an in-person probation-violation hearing on May 25, 2021, that was reset, at defense counsel's request, to May 27, 2021.

{¶ 9} At the probation-violation hearing on May 27, 2021, Nieves appeared with counsel and while no prosecutor participated, a probation officer testified on behalf of the state. The probation officer did not introduce a copy of the May 19, 2021 drug test results nor did Nieves request a copy at the time of the probation-violation hearing. However, the probation officer testified that the May 19, 2021 drug test results were positive for marijuana and Nieves executed a waiver in which he admitted to testing positive for marijuana. Nieves, through counsel, informed the court that he discarded his medical marijuana card and would no longer consume medical marijuana. Nieves took "full accountability" for the May 19, 2021 positive drug test and asked for "one more chance at life" rather than jail. Nieves recalled speaking with his probation officer about the prohibition against marijuana while on probation, including medical marijuana, but he did not believe he would be subject to consequences:

> No, I remember [the conversation with my probation officer], but I didn't think nothing of it. I thought I was doing the right thing by having the medical card. I didn't know the courts was going to impose. I thought it would be approved because I have a back problem. * * * I don't have an addiction. I'm not addicted to marijuana. I have a lot on my plate. I'm on the verge of losing everything, my household.

Tr. May 27, 2021, p. 9. Based upon the positive marijuana test, the trial court found Nieves violated the terms of his community-control sanctions and, as a result, terminated his probation and remanded him to serve 120 days in jail.

{¶ 10} On June 1, 2021, Nieves filed a motion for reconsideration of sentencing that sought house arrest so Nieves could seek medical care for his ongoing medical conditions, tend to his pets, and continue his employment. On the same day, Nieves filed a motion to withdraw waiver of probable cause that contended he did not have adequate time to review the waiver and discuss the terms with his counsel prior to signing the document. The trial court denied both motions on June 3, 2021.

{¶ 11} On June 15, 2021, Nieves filed a timely appeal as well as a motion to stay execution. The trial court denied the motion to stay execution on June 29, 2021. On June 29, 2021, Nieves filed a motion to reinstate community control and a request for hearing that the trial court denied on June 30, 2021. On July 26, 2021, Nieves filed a motion for release from jail and request for hearing that the trial court denied on July 30, 2021. On August 20, 2021, Nieves filed a motion for jail-time credit that the trial court denied on September 2, 2021.

{¶ 12} The matter is now before this court on an accelerated calendar.

## LEGAL ANALYSIS

{¶ 13} In his sole assignment of error, Nieves argues that the trial court's finding that he violated his community-control sanctions, and the court's subsequent revocation of those sanctions and imposition of a prison sentence, were made without sufficient evidence and/or were against the manifest weight of the evidence. The state contends that Nieves admitted to the community-control sanctions violation, the court was authorized to impose more restrictive sanctions, and that the issue raised on appeal became moot when Nieves served the 120-day jail sentence.

{¶ 14} Where an appeal challenges a felony conviction, even if the defendant served the entire sentence before the appeal is heard, the appeal is not moot because the defendant "has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus. However, where a defendant challenges the length of the sentence or the manner of serving the sentence rather than the underlying conviction, that issue becomes moot once the defendant serves the sentence. *State v. Gruttadauria*, 8th Dist. Cuyahoga No. 90384, 2008-Ohio-3152, ¶ 6, citing *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 Ohio App. LEXIS 5655, 4 (Dec. 14, 2001).

> If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the

underlying conviction. Therefore, appellant's assertion that the trial court erred in determining the length of that sentence is a moot issue because appellant has already served his sentence, and no relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue.

*Beamon* at 4; *State v. Paige*, 8th Dist. Cuyahoga No. 88885, 2007-Ohio-3925, ¶ 6 (appellate court found defendant's appeal based upon his sentence and the calculation of jail-time credit moot where defendant already served the sentence).

{¶ 15} Here, Nieves does not claim any irregularities related to the underlying conviction, but argues that the trial court's revocation of his community-control sanctions and imposition of a 120-day jail sentence were made without sufficient evidence and/or were against the manifest weight of the evidence. To date, Nieves served his 120-day jail sentence and there is no relief this court can afford related to the trial court's revocation of his community-control sanctions and imposition of a jail sentence. Accordingly, Nieves's assignment of error is moot and this appeal is dismissed.

{¶ 16} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, A.J., and
MARY J. BOYLE, P.J., CONCUR