[Cite as *State v. Travis*, 2023-Ohio-33.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JEFFERY H. TRAVIS, II | : | Case No. 2022 AP 08 0026 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas, Case No. 2019 CR 080376


JUDGMENT:          Affirmed


DATE OF JUDGMENT:          January 6, 2023


APPEARANCES:

For Plaintiff-Appellee

KRISTINE W. BEARD
125 East High Avenue
New Philadelphia, OH  44663

For Defendant-Appellant

JEFFERY H. TRAVIS, II, PRO SE
No. A770-273
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, OH  44044

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, Jeffery H. Travis, II, appeals the August 2, 2022 judgment entry of the Court of Common Pleas of Tuscarawas County, Ohio, denying his motion to correct jail time credit.  Plaintiff-Appellee is state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 30, 2019, the Tuscarawas County Grand Jury indicted appellant on one count of aggravated robbery in violation of R.C. 2911.01.  Appellant was arraigned on October 2, 2019.  A transport was necessary because on said date, appellant was incarcerated in the Stark County Jail on unrelated charges.  Appellant pled not guilty and was given a personal recognizance bond.  He was discharged from the Tuscarawas County Jail and remanded back to the Stark County Jail.

{¶ 3}   On March 4, 2020, appellant pled no contest to the charge.  At the time of his plea, appellant was incarcerated in the Grafton Correctional Institution after being convicted of the unrelated Stark County charges.  By judgment entry filed March 5, 2020, the trial court found appellant guilty, and sentenced him to four to six years in prison, to be served concurrently to the sentence out of Stark County.  Appellant received two days of jail time credit.

{¶ 4}   On December 22, 2020, appellant filed a motion for additional jail time credit.  In an attached letter, appellant argued he was entitled to 118 days of jail time credit for being incarcerated during the pendency of the Tuscarawas case, although his incarceration was due to the unrelated Stark County charges.  By judgment entry filed February 10, 2021, the trial court denied the motion.

{¶ 5} On July 20, 2022, appellant filed a motion to correct jail time credit calculation. Appellant argued Stark County correctly calculated his jail time credit and that credit should be applied to his concurrent sentence out of Tuscarawas County. By judgment entry filed August 2, 2022, the trial court denied the motion.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO PROPERLY CALCULATE JAIL-TIME CREDIT FOR A CONCURRENT SENTENCE, IN VIOLATION OF BOTH DOUBLE JEOPARDY PROTECTIONS AND EQUAL PROTECTION OF THE LAW."

I

{¶ 8} In his sole assignment of error, appellant claims the trial court erred in refusing to properly calculate his jail time credit for concurrent sentences. We disagree.

{¶ 9} The denial of a motion for jail time credit is reviewed under an abuse of discretion standard. *State v. Boyle,* 5th Dist. Richland No. 22CA19, 2022-Ohio-3417, ¶ 15, citing *State v. Ragland*, 2d Dist. Champaign No. 2018-CA-11, 2018-Ohio-3292. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 10} R.C. 2967.191 governs credit for confinement awaiting trial and commitment. Subsection (A) states in part:

"The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, * * * [and] confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code * * *.

{¶ 11} Appellant asserts he has been continually incarcerated since August 23, 2019 (when he was arrested on the Stark County charges), and because he received a four year sentence, his release date should be August 23, 2023.  He states because the trial court refused to correct his jail time credit, his release date is March 6, 2024, constituting a sentence of four years and six months.  Appellant argues jail time credit for one offense must be applied to all offenses imposed concurrently, and the trial court's error requires him "to serve multiple days of imprisonment for the same offense." Appellant's Brief at 4.

{¶ 12} In support of his arguments, appellant cites the case of *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440.  In *Fugate,* the Supreme Court of Ohio held at syllabus: "When a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term."  The *Fugate* court explained at ¶ 11:

when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

{¶ 13} In *Fugate,* the concurrent sentences were imposed at the same time for multiple offenses, one a community control revocation and the other for a conviction following a jury trial. The trial court had given jail time credit to the sentence for the revocation, but did not give any to the other sentence. *Fugate* is distinguishable from this case. The Stark County sentence was imposed in a different county, on unrelated charges, prior to the sentence in this case.

{¶ 14} In *State v. Marini,* 5th Dist. Tuscarawas No. 09-CA-6, 2009-Ohio-4633, ¶ 23, this court stated:

When different courts impose sentences at separate times, the sentences at best are only partly concurrent, and there is no requirement

that courts arrange their cases in such a way as to maximize concurrency. *State v. Carter,* 2nd Dist. No. 1580, 2002-Ohio-6387, ¶¶ 8-10. It is one thing to hold, such as the Supreme Court did in *State v. Fugate,* 117 Ohio St.3d 261, 883 N.E.2d 440, 2008-Ohio-856 that jail time credit earned in two cases must be applied to both cases when the sentences are imposed concurrently by the same court. It would be quite another to hold in the present case that confinement while serving non-concurrent jail time must be awarded as "jail time" to reduce a later-imposed felony sentence.

{¶ 15} In *State v. Smith,* 71 Ohio App.3d 302, 304, 593 N.E.2d 402 (10th Dist.1992), citing *State v. Dawn,* 45 Ohio App.2d 43, 340 N.E.2d 421 (1975), our colleagues from the Tenth District stated:

R.C. 2967.191 requires that jail credit be given only for the time the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based.

{¶ 16} Appellant's incarceration on the Stark County charges does not apply to the unrelated charge out of Tuscarawas County, despite the fact that the Tuscarawas County sentence was ordered to be served concurrently. Jail time credit is given for the time a defendant remains in jail on the related charge. In the Tuscarawas County case,

appellant was given a personal recognizance bond and "released." However, because of his Stark County charges, he remained in jail on those charges. Appellant cannot receive jail time credit on his Tuscarawas County charge from his Stark County incarceration. We do not find any violations of the double jeopardy and/or equal protection doctrines.

{¶ 17} Upon review, we find the trial court did not abuse its discretion in denying appellant's motion to correct jail time credit calculation.

{¶ 18} The sole assignment of error is denied.

{¶ 19} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Hoffman, J. and

Wise, John, J. concur.

EEW/db