[Cite as *State v. Miller*, 2024-Ohio-913.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 23CA12 |
| | : | |
| v. | : | |
| | : | DECISION AND JUDGMENT |
| COLE CREIGHTON MILLER, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **RELEASED 3/06/2024** |

_____
APPEARANCES:

Cole Creighton Miller, Chillicothe, Ohio, Appellant Pro Se.

Jason Holdren, Gallia County Prosecuting Attorney, Jeremy Fisher, Gallia County Assistant Prosecuting Attorney, Gallipolis, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Cole Creighton Miller, "Miller," appeals the journal entry of the Gallia County Court of Common Pleas, entered May 17, 2023. In 2014, pursuant to Miller's guilty pleas on several felony counts, the trial court imposed concurrent and consecutive sentences for a total term of incarceration of 20 years. On appeal, Miller challenges the trial court's entry with regard to his motion for jail time credit filed in 2023. Based upon our review of the record and the Ohio Department of Rehabilitation and Corrections (ODRC) website, it appears that Miller has received the jail time

credit he sought.  Consequently, there is no further relief which this court may grant him.  Miller's appeal is moot and is hereby dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2}In October of 2012, Miller was indicted as set forth below on six felony counts following a September 24, 2012 incident with Gallipolis police officers:

Count One:    Attempted Aggravated Murder, R.C. 2923.02(A);

Count Two:   Felonious Assault, R.C. 2903:11(A)(2);

Count Three:  Felonious Assault, R.C. 2903.11(A)(2);

Count Four:   Felonious Assault, R.C. 2903.11(A)(2);

Count Five:    Obstructing Official Business, R.C. 2921.31(A); and

Count Six:     Resisting Arrest, R.C. 2921.33(C)(2).

Counts One through Four are felonies of the first degree.  Counts Five and Six, respectively, are felonies of the fifth and fourth degrees.  Counts One through Five also alleged firearm specifications pursuant to R.C. 2941.141.

{¶3}  On October 24, 2012, Miller entered not guilty pleas on all counts.  On May 28, 2013, the trial court found that Miller was competent to stand trial, that he fully appreciated the nature of the proceedings against him, and that he possessed the requisite capacities to assist in his own defense.  Thereafter, in July of 2014, Miller signed a waiver of jury trial and

entered a guilty plea to Counts Two, Three, and Four. Miller also pled to the firearm specification associated with Count Two. Miller stipulated that the victims were law enforcement officers engaged in their official duties during the time of the commission of the offenses.

{¶4} Miller's sentencing was deferred to July 28, 2014. On that date, Miller was sentenced to prison for a period of ten years on Count Two, plus seven years for the mandatory gun specification. The trial court also imposed a sentence of three years for Count Three and three years for Count Four. Counts Three and Four were to be served concurrently with each other and consecutive to the sentence for Count Two for a total of 20 years. Miller was given jail time credit in the amount of 673 days as of July 28, 2014, along with any future custody days while awaiting transport from Gallia County.

{¶5} The judgment entry of sentence was filed on July 29, 2014.[1] On May 12, 2023, Miller filed a pro se "Motion to Correct Jail Time Calculation." On May 17, 2023, the court filed its journal entry, granting Miller's motion and granting an additional 676 days of jail time credit. This timely appeal followed.

---

[1] Later the same day, the court filed an amended judgment entry which clarified the consecutive findings of the sentence imposed. Both entries noted Miller was to be given credit for any future custody days while awaiting transport from Gallia County.

## ASSIGNMENT OF ERROR

I.     THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN IGNORING THE LEGISLATION AND THE CONSTITUTION.

## STANDARD OF REVIEW

{¶6} Miller did not file a direct appeal of his conviction.  Rather, he filed a post-conviction motion seeking correction of his jail-time credit. " '[I]f a jail-time credit argument is not raised on direct appeal, it can still be raised later by way of a motion to correct jail-time credit,' which we review 'for an abuse of discretion.' " *State v. Crisp*, 4th Dist. Scioto No. 21CA3949, 2022-Ohio-1221, at ¶ 13, quoting *State v. Price,* 4th Dist. Athens Nos. 19CA14, 19CA16, 19CA18, 2020-Ohio-6702, at ¶22.  " 'An "abuse of discretion" means that the court acted in an "unreasonable, arbitrary, or unconscionable" manner or employed "a view or action that no conscientious judge could honestly have taken." ' " *Jones v. Jones,* 4th Dist. Highland No. 20CA3, 2021-Ohio-1498, ¶ 15, quoting *State v. Kirkland,* 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady,* 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23. Therefore, ordinarily, we would review the trial court's decision on Miller's motion for an abuse of discretion.

LEGAL ANALYSIS

{¶7} " 'The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions.' " *State v. Hodge*, 4th Dist. Lawrence Nos. 19CA20 and 19CA21, 2022-Ohio-2748, at ¶ 37, quoting *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7.  In *Hodge,* we discussed, R.C. 2967.191(A), which codifies a defendant's equal protection right to credit for prior incarceration.  R.C. 2967.191(A) states:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility.

{¶8} In *Fugate*, the Supreme Court of Ohio held:

> When concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be

applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

See *State v. Travis*, 5th Dist. Tuscarawas No. 2022AP080026, 2023-Ohio-33, quoting *Fugate* at ¶ 11. *Fugate* further explained:

> When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence. However, when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held. To deny such credit would constitute a violation of the Equal Protection Clause. Therefore, we hold that when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term.

*Id.* at ¶ 22.

{¶9} In his brief, Miller points to the language of the amended

judgment entry which states that the "sentences for Counts Three and Four shall be served concurrently with each other." Miller argues that under Ohio law, both Counts Three and Four "should have been credited with 676 days on both terms." The 2014 sentencing entry indicates that Miller was given credit for 673 days. The record is unclear as to whether the jail time credit the court recognized in 2014 was to be applied to Count Three or Count Four. However, when the trial court granted Miller's 2023 motion and granted 676 days of jail time credit, those days would also have been applied to the concurrent sentence encompassing Counts Three and Four.

{¶10}It is unclear what further relief Miller is seeking, given that the trial court granted his 2023 motion for jail time credit. The ODRC website indicates that Miller's term began on July 30, 2014. He was sentenced to a total prison term of 20 years. His prison term should have ended on July 30, 2034. However, the ODRC website reflects application of 676 days of jail time credit in that his expected release date is August 25, 2032.

{¶11} "Where an appeal challenges a felony conviction, even if the defendant served the entire sentence before the appeal is heard, the appeal is not moot because the defendant 'has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her.' " *State v. Nieves,* 8th Dist. Cuyahoga No. 2022-Ohio-379, at ¶

14, quoting *State v. Golston,* 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus. However, where a defendant challenges the length of the sentence or the manner of serving the sentence rather than the underlying conviction, that issue becomes moot once the defendant serves the sentence. *Nieves, supra,* citing *State v. Gruttadauria*, 8th Dist. Cuyahoga No. 90384, 2008-Ohio-3152, ¶ 6, citing *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001-Ohio-8712, at *1. " ' If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction.' " *See Nieves, supra*, quoting *Beamon, supra. See also State v. Paige,* 8th Dist. Cuyahoga No. 88885, 2007-Ohio-3925, ¶ 6 (appellate court found defendant's appeal based upon his sentence and the calculation of jail-time credit moot where defendant already served the sentence).

{¶ 12} Here, Miller does not claim any irregularities related to the underlying conviction, and he has received the jail time credit requested from the trial court. The ODRC website reflects the adjustment in that his projected release date occurs in 2032 instead of 2034. The trial court granted Miller's motion for jail time credit and there is no further relief this

court can provide Miller.  Accordingly, Miller's sole assignment of error is

moot and this appeal is dismissed.

**APPEAL DISMISSED.**

**<u>JUDGMENT ENTRY</u>**

It is ordered that the APPEAL BE DISMISSED and costs be assessed
to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing
the Gallia County Common Pleas Court to carry this judgment into
execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE
UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL
COURT OR THIS COURT, it is temporarily continued for a period not to
exceed sixty days upon the bail previously posted.  The purpose of a
continued stay is to allow Appellant to file with the Supreme Court of Ohio
an application for a stay during the pendency of proceedings in that court.  If
a stay is continued by this entry, it will terminate at the earlier of the
expiration of the 60-day period, or the failure of the Appellant to file a notice
of appeal with the Supreme Court of Ohio in the 45-day appeal period
pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of
Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior
to expiration of 60 days, the stay will terminate as of the date of such
dismissal.

A certified copy of this entry shall constitute the mandate pursuant to
Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.:  Concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**