[Cite as *State v. Taylor*, 2025-Ohio-600.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

AARON M. TAYLOR,

    DEFENDANT-APPELLANT.

CASE NO. 5-24-27

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

AARON M. TAYLOR,

    DEFENDANT-APPELLANT.

CASE NO. 5-24-28

O P I N I O N

**Appeals from Hancock County Common Pleas Court
Trial Court Nos. 2023CR00198 and 2023CR00447**

**Judgments Affirmed**

**Date of Decision:  February 24, 2025**

**APPEARANCES:**

    *Jim Haughn* **for Appellant**

    *Phillip A. Riegle* **and** *Steven M. Powell* **for Appellee**

**ZIMMERMAN, J.**

**{¶1}** Defendant-appellant, Aaron M. Taylor ("Taylor"), appeals the June 18, 2024 judgment entries of sentence of the Hancock County Court of Common Pleas. For the reasons that follow, we affirm.

**{¶2}** The present cases involve separate incidents transpiring on February 2, February 6, and May 9, 2023. During encounters with law enforcement on February 2 and 6, 2023, Taylor voluntarily surrendered items that were subsequently determined to contain methamphetamine. The incident of May 9, 2023, involved an altercation between Taylor and law enforcement, followed by a search that revealed Taylor's possession of a substance subsequently identified as methamphetamine.

**{¶3}** On May 16, 2023, the Hancock County Grand Jury indicted Taylor in case number 2023 CR 00198 on Count One of aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony, and Count Two of obstructing official business in violation of R.C. 2921.31(A), a fifth-degree felony. On May 24, 2023, Taylor appeared for arraignment and entered pleas of not guilty.

**{¶4}** Thereafter, on October 17, 2023, the Hancock County Grand Jury indicted Taylor in case number 2023 CR 00447 on two counts of aggravated possession of drugs in violation of R.C. 2925.11(A), fifth-degree felonies. Taylor filed a written plea of not guilty to the indictment.

{¶5} After Taylor was found competent to stand trial, the cases proceeded to a bench trial on April 23, 2024. The trial court found Taylor guilty of the counts alleged in the indictments. On June 18, 2024, the trial court sentenced Taylor to 12 months in prison on each count in both cases. The trial court ordered that the prison terms imposed in case number 2023 CR 00447 be served concurrently, while the prison terms imposed in case number 2023 CR 00198 were ordered to be served consecutively, resulting in an aggregate sentence of 24 months' imprisonment.[1]

{¶6} On July 17, 2024, Taylor filed his notices of appeal and this court consolidated the cases for purposes of appeal. Taylor raises three assignments of error for our review.

**First Assignment of Error**

**The Trial Court abused its discretion when it admitted irrelevant evidence at trial in these matters.**

{¶7} In his first assignment of error, Taylor argues that the trial court abused its discretion by admitting irrelevant evidence at trial. Specifically, Taylor contends that the trial court erred by admitting State's Exhibits 1, 3, and 4 (syringes) as

---

[1] The trial court applied 360 days of credit toward Taylor's sentence in case number 2023 CR 00447. "Where an appeal challenges a felony conviction, even if the defendant served the entire sentence before the appeal is heard, the appeal is not moot because the defendant 'has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her.'" *State v. Nieves*, 2022-Ohio-379, ¶ 14 (8th Dist.), quoting *State v. Golston*, 71 Ohio St.3d 224 (1994), syllabus. "However, where a defendant challenges the length of the sentence or the manner of serving the sentence rather than the underlying conviction, that issue becomes moot once the defendant serves the sentence." *Id.*

evidence of his possession of contraband, as these exhibits also included items that were not subjected to testing for contraband.

*Standard of Review*

**{¶8}** Generally, the admission or exclusion of evidence lies within the trial court's discretion, and a reviewing court should not reverse absent an abuse of discretion and material prejudice. *State v. Conway*, 2006-Ohio-2815, ¶ 62. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

**{¶9}** In this case, Taylor argues that the trial court abused its discretion by admitting State's Exhibits 1, 3, and 4. Taylor's contention is predicated on the assertion that said exhibits constituted irrelevant evidence due to the inclusion of untested items within their contents.

**{¶10}** Under the Ohio Rules of Evidence,

> [a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. Evidence which is not relevant is not admissible.

Evid. R. 402. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.

**{¶11}** Based on our review of the record in these cases, the trial court did not abuse its discretion by admitting State's Exhibits 1, 3, and 4 into evidence. To begin with, the admission of the untested contraband is relevant to Taylor's possession charges, as law enforcement testimony established the common use of hypodermic needles in drug administration.

**{¶12}** Moreover, in addressing Taylor's objection to the admissibility of State's Exhibits 1, 3, and 4, the trial court reasoned that, while certain constituent items within each composite exhibit were not subjected to forensic testing, those untested items would not be considered for evidentiary purposes related to such testing. In bench trials, Ohio courts operate under a presumption that the trial court, in rendering its judgment, considered only relevant, material, and competent evidence. *State v. Williams*, 2013-Ohio-726, ¶ 29 (6th Dist.). This presumption prevails unless the record affirmatively demonstrates otherwise. *Id.* Our review of the record of Taylor's trial reveals that there is no affirmative indication that the trial court improperly considered the untested evidence (i.e., State's Exhibits 1, 3, and 4) in arriving at its judgment in these cases. *Id.* at ¶ 30; *In re B.K.*, 2012-Ohio-6166, ¶ 16 (10th Dist.). Consequently, we conclude the trial court's admission of State's Exhibits 1, 3, and 4 was not unreasonable, arbitrary, or unconscionable.

**{¶13}** Taylor's first assignment of error is overruled.

## Second Assignment of Error

**The convictions of Defendant-Appellant in these matters were against the manifest weight of the evidence.**

{¶14} In his second assignment of error, Taylor argues that his aggravated possession of drugs convictions are against the manifest weight of the evidence.[2] Specifically, Taylor contends that, absent the evidence challenged in his first assignment of error, the remaining evidence would have provided a tenuous link between him and the charged possession offenses.

### *Standard of Review*

{¶15} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). *See also State v. Pettress*, 2019-Ohio-2692, ¶ 35 (7th Dist.) (noting that the same "standard of review is equally applicable when reviewing a manifest weight challenge from a bench trial"). A reviewing court,

---

[2] Taylor does not challenge the weight of the evidence supporting his obstructing official business conviction.

however, must allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

*Analysis*

**{¶16}** In his second assignment of error, Taylor challenges the weight of the evidence supporting his aggravated possession of drugs convictions. Taylor was convicted of aggravated possession of drugs in violation of R.C. 2925.11(A). That statute provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." R.C. 2925.11(A). "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through which ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). "The issue of whether a person charged with drug possession knowingly possessed a controlled substance 'is to be determined from all the attendant facts and circumstances available.'" *State v. Brooks*, 2012-Ohio-5235, ¶ 45 (3d Dist.), quoting *State v. Teamer*, 82 Ohio St.3d 490, 492 (1998). "A person acts knowingly, regardless of his purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain

nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B),

{¶17} On appeal, Taylor argues that the alleged erroneous admission of evidence, as asserted in his first assignment of error, undermines the manifest weight of the evidence supporting his aggravated possession of drugs convictions. He posits that, had the challenged evidence been properly excluded, the evidentiary balance would weigh in favor of acquittal. However, based on our resolution of Taylor's first assignment of error, resolving that State's Exhibits 1, 3, and 4 were properly admitted into evidence, Taylor's manifest-weight-of-the-evidence challenge is without merit.

{¶18} Even so, the evidence presented by the State at trial does not weigh heavily against Taylor's aggravated possession of drugs convictions. Importantly, the record reflects testimony establishing Taylor's admissions of possessing contraband, including substances later identified as methamphetamine.

{¶19} Specifically, Sergeant Timothy Brown ("Sergeant Brown") of the Findlay Police Department testified that on February 2, 2023, Taylor, when questioned regarding possession of illegal items, voluntarily surrendered a hypodermic needle and a bag containing a crystal-like substance subsequently identified as methamphetamine. Likewise, Patrolman Jacob Davis ("Patrolman Davis") of the Findlay Police Department testified that on February 6, 2023, Taylor, upon inquiry regarding contraband, voluntarily surrendered two hypodermic

syringes, one of which contained a liquid substance subsequently identified as methamphetamine. Further, Officer Eric Lehman ("Officer Lehman") of the Findlay Police Department testified that on May 9, 2023, he discovered a hypodermic needle and a bag containing a substance after Taylor admitted possession of both items, the latter of which was subsequently identified as methamphetamine. Finally, Tyler Tomlins ("Tomlins"), a forensic scientist with the Ohio Bureau of Criminal Investigation, testified that his analysis of State's Exhibits 1, 3, and 4 confirmed the presence of methamphetamine in each.

{¶20} Therefore, we conclude that the trier of fact did not clearly lose its way and create a manifest injustice requiring that that Taylor's aggravated possession of drugs convictions must be reversed and a new trial ordered.

{¶21} Taylor's second assignment of error is overruled.

### Third Assignment of Error

**The trial court's sentencing findings are not supported by clear and convincing evidence.**

{¶22} In his third assignment of error, Taylor argues that the trial court erred by imposing maximum sentences because record does not clearly and convincingly support the trial court's sentencing determinations.

*Standard of Review*

{¶23} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not

support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶24} Preliminarily, because Taylor has already served the sentence imposed in case number 2023 CR 00447, any challenge to that sentence is moot. *State v. Eutsler*, 2024-Ohio-5866, ¶ 10 (3d Dist.); *State v. Nieves*, 2022-Ohio-379, ¶ 14 (8th Dist.). Accordingly, our analysis will be confined to Taylor's sentence imposed in case number 2023 CR 00198.

{¶25} "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 2016-Ohio-5554, ¶ 29 (3d Dist.), citing *State v. Dixon*, 2016-Ohio-2882, ¶ 14 (2d Dist.) ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 2015-Ohio-4907, ¶ 9 (8th Dist.) ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 10 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d Dist.).

-10-

**{¶26}** Here, as fifth-degree felonies, aggravated possession of drugs and obstructing official business, carry non-mandatory, definite sanctions of 6-months to 12-months of imprisonment. R.C. 2925.11(A), (C)(1)(a), 2921.31(A), (B), 2929.14(A)(5). Because the trial court sentenced Taylor to 12 months in prison as to each offense, the trial court's sentences are within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 2011-Ohio-2791, ¶ 15 (8th Dist.).

**{¶27}** When imposing a sentence for a felony offense, trial courts must consider R.C. 2929.11 and 2929.12. R.C. 2929.11 provides, in its relevant part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact

-11-

upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B).

**{¶28}** "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 18 (6th Dist.).

**{¶29}** "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32 (3d Dist.).

**{¶30}** Thus, when imposing a felony sentence, "it is '[t]he trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 2017-Ohio-9092, ¶ 15 (12th Dist.), quoting *State v. Steger*, 2016-Ohio-7908, ¶ 18 (12th Dist.). "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

**{¶31}** At Taylor's sentencing hearing and in its sentencing entries, the trial court considered the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Nevertheless, Taylor contends that the record does not clearly and convincingly support the trial court's findings under R.C. 2929.11 or 2929.12. In other words, Taylor disagrees with the trial court's application of the sentencing guidelines under R.C. 2929.11 and 2929.12 to the facts and circumstances of his case. *Compare State v. Reed*, 2021-Ohio-1623, ¶ 17 (3d Dist.) (resolving that "Reed simply disagrees with the trial court's application of these factors to the facts and circumstances of his case").

**{¶32}** The record in this case reveals that Taylor's argument is without merit. Importantly, the Supreme Court of Ohio has directed Ohio's courts of appeal that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because . . . R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *State v. Jones*, 2020-Ohio-6729, ¶ 31. As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 or 2929.12. *Reed* at ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no

longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

**{¶33}** In this case, the trial court determined that 12-month prison terms are consistent with the principles and purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Specifically, after weighing the seriousness and recidivism factors, the trial court concluded that imposition of a prison sentence was necessary. Indeed, the trial court found that Taylor is likely to commit future crimes because he has a history of criminal convictions; demonstrated a pattern of drug abuse that is related to the offenses; and has not responded favorably to sanctions previously imposed for those criminal convictions. *See* R.C. 2929.12(D)(2), (3), (4). Similarly, in addressing the seriousness of Taylor's conduct, the trial court emphasized the physical altercation with Officer Lehman. *See* R.C.2929.12(B)(2).

**{¶34}** Consequently, based on our review of the record, even though Taylor would have weighed the considerations under R.C. 2929.11 and 2929.12 differently, we conclude that the trial court did not abuse its discretion by imposing 12-month prison sentences. *See State v. West*, 2022-Ohio-4069, ¶ 21 (3d Dist.). Therefore, because Taylor's sentence is within the sentencing range and the trial court properly considered R.C. 2929.11 and 2929.12, Taylor's sentence is not contrary to law. *See Reed*, 2021-Ohio-1623, at ¶ 20 (3d Dist.).

**{¶35}** Taylor's third assignment of error is overruled.

**{¶36}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgment Affirmed***

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

**/hls**